IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LINDA ANNE HARDING,

                                                            OPINION AND ORDER

        Plaintiff,

                                                             12-cv-46-bbc

    v.

MARK MANGERSON, PATRICK O'MELIA,
ONEIDA COUNTY CIRCUIT COURT,
ONEIDA COUNTY SHERIFF'S DEPARTMENT,
JEFFREY HOFFMAN, TYLER YOUNG,
ROBERT HEBEIN, ROBERT NOWAK, RANDY KELLER,
ONIEDA COUNTY CORPORATION COUNSEL,
BRIAN DESMOND, MICHAEL BLOOM,
BAKKE NORMAN, S.C., DEANNE M. KOLL,
LEO KROMBHOLZ, RICHELLE BEENE,
NORB RENN and WELLS FEDERAL BANK,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On January 13, 2012, I issued an order remanding a state foreclosure case that had been removed by Linda Harding, stating in part:

> The materials provided by the parties and the Wisconsin Circuit Court Access electronic database, http://wcca.wicourts.gov, make it clear that defendant Harding filed her notice of removal far too late. She was served with the complaint on January 28, 2010. The state court granted judgment of foreclosure on March 16, 2010, and plaintiff has purchased the property at sheriff's sale. Defendant Harding cannot relitigate the foreclosure in this court.

Wells Federal Bank v. Clifford, case no. 11-cv-695-bbc, *2 (W.D. Wis. Jan. 13, 2012). Now plaintiff Harding has filed a civil action in this court against the bank that was the plaintiff

1

in the foreclosure action, judges from the Circuit Court for Oneida County, Wisconsin, the Oneida County Sheriff's Department, officers from that department and several other parties connected to the foreclosure, arguing that she was improperly evicted from the foreclosed property and that her personal property was taken, damaged or destroyed. In addition, plaintiff was charged criminally for her response to defendants' actions. Plaintiff seeks damages and injunctions barring defendants from further damaging or disposing of her property, from communicating or having physical contact with her and from prosecuting her on the criminal charges mentioned above. I will dismiss the case without prejudice to plaintiff's pursuing her remedies in state court.

OPINION

Plaintiff seems to argue that this court has federal question jurisdiction over her claims because defendants' actions violated 28 U.S.C. § 1446(d), which states in part that a state court "shall proceed no further" with a case after a defendant has filed a copy of the notice of removal with that court. (She does not attempt to establish that the parties are diverse, so that jurisdiction to hear her case would exist under 28 U.S.C. § 1332.) I understand plaintiff to be arguing that defendants violated § 1446(d) by proceeding with the eviction of plaintiff and her possessions from her foreclosed property even after she filed a notice of removal of the state foreclosure action to this court.

However, plaintiff provides no explanation for her assertion that this court may exercise jurisdiction over a case concerning a state court's violation of § 1446(d). My own

2

search of authorities has discovered no basis for a cause of action arising out of this statue. It is important for plaintiff to understand that the present case is a separate action from her foreclosure case. Even assuming that any proceedings conducted by the state court while the removal case was pending are void because the state court did not have jurisdiction over the case at that time, Steamship Co. v. Tugman, 106 U.S. 118, 122 (1882); Maseda v. Honda Motor Co., 861 F.2d 1248, 1254-1255 & 1255 n.11 (11th Cir. 1988) (any subsequent state court proceedings regarding the removed matter are void *ab initio*, even if case improperly removed), she cannot challenge the legality of those proceedings in a separate federal court action. Rather, she should file a motion in the state circuit court or pursue an appeal in the state courts.

Moreover, even construing plaintiff's pleading generously, Haines v. Kerner, 404 U.S. 519, 521 (1972), and recognizing that plaintiff is not required to plead particular legal theories, Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005), I am not aware of any claim plaintiff may pursue in this court that would give her the right to obtain the relief she is seeking . Even if I considered plaintiff to be alleging that defendants had violated her due process rights by intentionally depriving her of her property, such a claim does not constitute a constitutional violation as long as state court remedies are available for the loss of property. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The state of Wisconsin provides several post-deprivation procedures for challenging the taking of property, including replevin and tort remedies. Wis. Stat. Chap. 810 & 893.

Finally, this court has no authority to enjoin the criminal prosecution against

3

plaintiff. Federal courts may not interfere in ongoing state criminal prosecutions unless a failure to do so will result in irreparable injury, which is "both great and immediate." Younger v. Harris, 401 U.S. 37, 46 (1971) (quoting Fenner v. Boykin, 271 U.S. 240 (1926)). Nothing in plaintiff's complaint suggests that she is going to be subjected to such harm.

## ORDER

IT IS ORDERED that this case is DISMISSED without prejudice to plaintiff Linda Harding's pursuing her claims in state court.

Entered this 28th day of March, 2012.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge